E. MARTIN ESTRADA
United States Attorney
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
JOHN A. BALLA (Cal. Bar No. 295474)
Assistant United States Attorneys
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, CA 92501
    Telephone: (951) 276-6246
    Facsimile: (951) 276-6202
    E-mail:    john.balla@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 20-54-ODW |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT BORIS OMAR MARADIAGA** |
| v. | |
| BORIS OMAR MARADIAGA, | **Sentencing Date:** 09/26/23<br>**Sentencing Time:** 11:00 AM |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorney John A. Balla, hereby files its sentencing position as to defendant Boris Omar Maradiaga.

    The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing. The government respectfully requests the opportunity

///

///

i

to supplement its position or respond to defendant as may become necessary.

Dated: September 12, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Office

    */s/ John A. Balla*
JOHN A. BALLA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**I.     INTRODUCTION**

Defendant Boris Omar Maradiaga is a felon who illegally possessed, and trafficked in, firearms, including a firearm with an obliterated serial number.  His criminal history includes felony convictions in nine separate cases, including prior convictions for drug trafficking and aggravated assault.  He now comes before the Court for sentencing on one count of being a felon in possession of firearms and ammunition, a violation of 18 U.S.C. § 922(g)(1).

Based on the appropriate sentencing considerations in 18 U.S.C. § 3553(a), the government respectfully requests a sentence of 120 months' imprisonment, followed by a three-year term of supervised release, and a $100 special penalty assessment.

**II.    FACTUAL BACKGROUND**

   **A.    The Offense Conduct**

On December 18, 2018, defendant met with an undercover ATF agent near defendant's apartment in Upland, California, to conduct an illicit gun sale arranged through a confidential informant.  During the audio- and video-recorded deal, defendant sold the undercover agent a 9mm handgun with an obliterated serial number and loaded with seven rounds of ammunition and a .22 caliber handgun.  Defendant also mentioned that he had just sold a .38 caliber firearm.  Defendant also showed the undercover agent a 1911-style .45 caliber handgun, defendant's personal firearm, that defendant said he had purchased for $1,400 in Arizona.

   **B.    Defendant's Criminal History**

Defendant has prior felony convictions in nine separate cases.  They include a conviction in 2004 for possessing a controlled

substance for sale and transporting a controlled substance, and a conviction in 2006 for assault with a deadly weapon likely to result in great bodily injury. He also has a misdemeanor conviction in 2010 for domestic violence. In that case, officers found defendant's wife with two black eyes and an injured nose following an argument in a parking lot. (PSR ¶ 44.) Finally, defendant committed the instant offense while on probation for a driving-with-a-suspended-license conviction.

### III. GUIDELINES CALCULATION

The defendant's PSR calculates a criminal history category of VI, based on 24 criminal history points, and a total offense level of 26. The resulting advisory Guidelines sentence is 120 months of imprisonment by operation of the 120-month statutory maximum. The government concurs with the Probation Office's calculation.

### IV. APPROPRIATE SENTENCE

The government respectfully requests a sentence of 120 months' imprisonment, followed by a three-year term of supervised release, and a $100 special penalty assessment. That sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense and defendant's long and serious criminal history.

Defendant has a long and serious criminal history that includes drug trafficking and violence. He not only possessed firearms, but he trafficked in firearms, including one with an obliterated serial number. His criminal history means that the law deems his possession of firearms to be an unacceptable risk to society, and he also participated in the further illicit distribution of firearms outside of regulated channels (or what he thought was the further illicit distribution of firearms).

Defendant's conduct and criminal history are so serious that he exceeds numerous statutory and Guidelines maximums in this case. First, his 24 criminal history points are almost double the 13 criminal history points necessary to place a defendant in the highest possible criminal history category.  Second, his offense level calculation under Guidelines § 2K2.1 would otherwise place him at an adjusted offense level 30 except that it exceeds the cap in § 2K2.1(b), which limits the offense-level increases in that section to offense level 29.  Finally, his Guidelines range would otherwise be 120 to 150 months of imprisonment except for the 120-month statutory maximum under 18 U.S.C. §§ 922 and 924.

Defendant far surpasses the normal metrics for gauging the seriousness of a defendant's offense and his likelihood of recidivism, and this confirms that a 120-month sentence is appropriate.  Notably, as of June 2022, the statutory maximum for a violation of 18 U.S.C. § 922(g) is now 15 years, or 180 months, of imprisonment.  Because defendant committed the instant offense in 2018, he is subject to the previous 120-month maximum.  But if he had committed the offense today, he would be subject to a 180-month maximum with a Guidelines range of 120 to 150 months of imprisonment, even with his acceptance of responsibility.  Although he pleaded guilty and accepted responsibility, a 120-month sentence is nonetheless appropriate considering the seriousness of his offense and his criminal history.

## V.   CONCLUSION

For the reasons above, the Court should sentence defendant to 120 months' imprisonment, followed by a three-year period of supervised release, and a mandatory special assessment of $100.